IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| JEFFERY BARNARD JONES | * | |
| Plaintiff, | * | |
| v. | * | 3:06-CV-259-WHA |
| | | (WO) |
| JURISDICTION SYSTEM, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Jeffery Jones, is incarcerated in the Lee County Detention Facility. He files this 42 U.S.C. § 1983 action against "Jurisdiction System," District Attorney Kenneth Gibbs, District Judge Russell Bush, Deputy Smith, Jay Jones, Major Tolbert, Corey Welch, Sergeant Tabb, Nurse Griffith, and Nurse Stewart. Plaintiff complains that Defendant Bush advised him that he could not have a jury trial in his court, that Defendant Gibbs imposed excessive bail, and that Defendant Smith committed perjury during a court proceeding. Plaintiff requests that this court investigate his claims of alleged constitutional violations. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A. Jurisdiction System

"Jurisdiction System" is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976) (courts are not persons within the meaning of 42 U.S.C. § 1983). In light of the foregoing, the court concludes that Plaintiff's claims against "Jurisdiction System" should be dismissed. *Id.*

### B. The Perjury Claim

Plaintiff complains that Defendant Smith committed perjury during one of his (Plaintiff's) court proceedings. The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v. LaHue*,] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. Thus, Plaintiff's perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## C. The Criminal Proceedings

Plaintiff complains that Defendant Gibbs imposed excessive bail and that Defendant Bush informed him that he may not have a jury trial in his court. Even if the conduct about which Plaintiff complains were found to violate his federal rights, it is clear that his claims involved criminal charges which are currently pending before the state courts of Lee County, Alabama, and, thus, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. The court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement and/or ongoing state court criminal proceedings.

*D. The Remaining Defendants*

Plaintiff names various jail officials and medical personnel as defendants to his complaint, including Jay Jones, Major Tolbert, Corey Welch, Segreant Tabb, and Nurses Griffith and Stewart. After reviewing the complaint, however, the court finds that it is devoid of any allegations or discernable cause of action against these individuals. The undersigned, therefore, finds that the complaint, as pled, does not support a cause of action against these persons, and they are, therefore, due to be dismissed as parties to the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 3, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of March 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE